answer, but a more objective standard of what the witness meant by "medium to a dark gray" was provided by his comparison of the color range of the skins in issue to those of exhibits 7 and 9 in the *Brager-Larsen* case. The court has examined those skins, and would conclude that they are "predominantly dark."

We find, therefore, that the plaintiffs have not established that the skins at bar did not conform to the common meaning of the term "silver fox" as used in the tariff act. In so ruling, we have not taken into consideration the evidence urged by the defendant as proof of its contention that the merchandise in issue bears the appellation of "white face silver fox" and was so described on the commercial and consular invoices.

According to the evidence of both the plaintiffs and the defendant herein, there is such a fox known as a white face silver fox, and it is the contention of the plaintiffs that such a fox is not a silver fox within the meaning of the term as used in paragraph 1519 (c), *supra*.

We do not believe that either directly or by necessary implication our appellate court ruled in the *Brager-Larsen* case that white face silver fox skins were not silver fox skins for purposes of the tariff provision, and as such a ruling is not necessary to our conclusion herein, we make no finding in that regard. Our ruling herein is simply that the plaintiffs have failed to establish by a preponderance of the competent, material, and relevant evidence offered that the skins in issue are not silver fox skins.

Insofar as it relates to skins not contained in packages enumerated in schedules "A" and "B," each of the protests is therefore overruled, and judgment will issue accordingly.

BEFORE THE SECOND DIVISION, MARCH 5, 1953

**No. 57108.**—U. S. Fencing Equipment Co., Inc., and Alltransport, Inc. *v.* United States, protests 183777–K and 192388–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of foil blades similar in all material respects to those the subject of *Castello Fencing Equipment Co., Inc., and Rohner, Gehrig & Co., Inc.* v. *United States* (29 Cust. Ct. 72, C. D. 1447), the claim of the plaintiffs was sustained.

**No. 57109.**—Castello Fencing Equipment Co., Inc., and Rohner, Gehrig & Co., Inc., et al. *v.* United States, protests 189835–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of foil blades similar in all material respects to those the subject of *Castello Fencing Equipment Co., Inc., and Rohner, Gehrig & Co., Inc.* v. *United States* (29 Cust. Ct. 72, C. D. 1447), the claim of the plaintiffs was sustained.